IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CARLTON ANDERSON, #97475-020,   )
                                )
        Petitioner,             )
                                )
            v.                  )  CIVIL ACTION NO.: 2:15-CV-692-WKW
                                )            [WO]
JAY JONES, *et al.*,            )
                                )
        Respondents.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, a federal pretrial detainee incarcerated at the Lee County Detention Center in Opelika, Alabama, has filed a petition for habeas corpus relief under 28 U.S.C. § 2241. The matter is now before the court for a review of the petition under Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts* ["Rule 4"].[1] Upon review, the court concludes that the instant habeas corpus action is due to be summarily dismissed without prejudice under Rule 4.

**I. DISCUSSION**

Petitioner brings this habeas petition seeking to challenge matters associated with criminal proceedings pending against him in the United States District Court for the Middle District of Georgia including an allegation that he has been held in federal custody since July 2014 without bond. *See United States Anderson,* Criminal No. 4:14-CR-15-CDL (M.D. Ga.). He requests dismissal of the charges pending against him or an evidentiary hearing to evaluate the performance of a former appointed counsel. *Doc. No. 1.*

---

[1] Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

Case 2:15-cv-00692-WKW-CSC   Document 2   Filed 10/19/15   Page 2 of 4

While § 2241 " 'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [the petitioner,]' *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981), "[fe]deral courts have consistently held that a federal criminal defendant who seeks to challenge some aspect of an ongoing federal criminal prosecution must bring his claims in the criminal case itself." *Varner v. United States,* 2010 WL 5692097 (D. Minn. 2010) (*citing Jones v. Perkins*, 245 U.S. 390, 391 (1918). "[I]n the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones*, 245 U.S. at 391.

The fact that this court has jurisdiction over the instant petition does not mean Petitioner has invoked an appropriate remedy by which to challenge matters associated with his federal pretrial detention.  A review of the court docket in Petitioner's pending criminal proceedings reflects that he has the assistance of appointed counsel. *See* 4:14-CR-21-CDL (M.D. Ga.) at *Doc. No. 64.* The claims fail to reveal the existence of any "exceptional circumstances" requiring resort to the use of habeas corpus rather than seeking remedies available in his criminal proceedings. *See e.g., Whitmer v. Levi*, 276 Fed. Appx. 217, 219 (3rd Cir. 2008);   ("[W]here a defendant is awaiting trial, the appropriate vehicle for claims of constitutional violations include pretrial motions and the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145 (b), (c), but not habeas corpus."); *Fassler v. United States*, 858 F.2d 1016, 1018–19 (5th Cir.1988) (finding that the petitioner's challenges to the "basis of his pretrial detention ... demonstrate [] an ingenious device for securing redundant review of these contentions and holding that the remedies available under the Bail Reform Act to challenge pretrial detention orders are strongly preferred to a § 2241 petition); *Moore v. United States*, 875 F. Supp. 620, 624 (D.Neb.1994) ("[W]here habeas claims raised by a pretrial detainee would be dispositive of the

2

pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by raising them at trial and then on direct appeal.").

Because Petitioner may assert his claims in his pending criminal case, the court concludes that the instant § 2241 petition is due to be dismissed without prejudice so Petitioner may pursue appropriate remedies. *See In Re Williams*, 306 F. App'x 818, 819 (4th Cir. 2009) (dismissing § 2241 petition raising claims of illegal arrest, unlawful detention, and violation of speedy trial rights where the petitioner could raise his claims in his pending criminal case).

## II. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief be DISMISSED without prejudice under Rule 4, *Rules Governing Section 2254 Cases in the United States District Court*, to afford Petitioner an opportunity to pursue appropriate remedies.

It is further

ORDERED that **on or before November 2, 2015**, Petitioner may file any objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

     Done this the 19th day of October, 2015.

                     /s/Charles S. Coody
                     CHARLES S. COODY
                     UNITED STATES MAGISTRATE JUDGE